UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE and KIMBERLY WHITE,

        Plaintiffs,                                              Civil Action No. 15-13317

vs.                                                            HON. MARK A. GOLDSMITH

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING CASE

This matter is presently before the Court on Plaintiffs' application to proceed in forma pauperis (Dkt. 2) and the Court's own review of the complaint. Under 28 U.S.C. § 1915(a)(1), a district court may authorize the commencement of a civil action without prepayment of the filing fee provided that the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." After examining Plaintiffs' application, it is concluded that they are indigent and that prepayment of the filing fee would cause an undue financial hardship. Accordingly, the Court grants leave to proceed in forma pauperis, thereby permitting Plaintiffs to file their Complaint without requiring prepayment of the filing fee.

However, any and all complaints filed by plaintiffs proceeding in forma pauperis must be screened and dismissed if they: (i) are frivolous or malicious, (ii) fail to state a claim on which relief may be granted, or (i) seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In this case, Plaintiffs bring a claim under 42 U.S.C. § 1983, alleging that their mortgage servicer,

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), wrongfully initiated foreclosure under color of state law.

The Amended Complaint is summarily dismissed, see 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiffs' Fourteenth Amendment claim against a private actor does not create subject matter jurisdiction.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982) ("[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State.").  Without such a limit, private parties could face constitutional litigation whenever they seek to rely on a state rule governing their interactions with the community.  Id.

Plaintiffs' claim is precisely the type that is not permitted by cases interpreting § 1983. Plaintiffs seek to impose liability on a private company, not a state actor, for engaging in private action.  See White v. Mortg. Elec. Registration Syss., 2011 WL 3027768, at *2 (E.D. Mich. July 25, 2011) (acknowledging that MERS is not a state actor).  The factual basis for their Amended Complaint is that MERS relied upon a state statute and filed documents that were "accepted by the state."  Am. Compl. at 1 (Dkt. 9).  But the fact that MERS invoked a state statute when initiating foreclosure, rightfully or wrongfully, does not somehow make the state complicit in its actions.

Although Plaintiffs were alerted to these defects in their original complaint and invited to cure them, see Show Cause Order (Dkt. 8), they have not done so in their Amended Complaint, which makes substantially the same arguments.  Accordingly, because there can be no subject matter jurisdiction to hear a § 1983 claim against a private actor based upon private conduct, Plaintiff's case is dismissed with prejudice.

SO ORDERED.

Dated:  November 19, 2015            s/Mark A. Goldsmith
    Detroit, Michigan                MARK A. GOLDSMITH
                                     United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2015.

                                                        s/Karri Sandusky
                                                        Case Manager